CHRISTINA A. JUMP (D.C. ID No. TX151)
  cjump@clcma.org
CHELSEA G. GLOVER (D.C. ID No. TX0065)
  cglover@clcma.org
SAMIRA S. ELHOSARY (D.C. Bar No. 90013901)
  selhosary@clcma.org
Constitutional Law Center for Muslims in America
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507; Fax: (972) 692-7454

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AYMAN FAREH SOLIMAN**, an individual residing at 3515 W Fork Rd., Apt 30, Cincinnati, OH 45220<br><br>*Plaintiff,*<br><br>vs.<br><br>**TRANSPORTATION SECURITY ADMINISTRATION,** 6595 Springfield Center Dr., Springfield, VA 22150,<br><br>*Defendant.* | CASE NO.: _23-2788_____<br><br><br>CIVIL ACTION<br><br><br>**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND, IN THE ALTERNATIVE, PETITION FOR WRIT OF MANDAMUS** |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND, IN THE ALTERNATIVE, PETITION FOR WRIT OF MANDAMUS**

Plaintiff Ayman Soliman ("Plaintiff Soliman" or "Mr. Soliman"), by and through undersigned counsel, files this Complaint for Declaratory and Injunctive Relief and, in the alternative, Petition for Writ of Mandamus against Defendant Transportation Security Administration ("TSA"). Plaintiff Soliman presents the following claims for relief and supporting factual background:

## I.  INTRODUCTION

Plaintiff Soliman seeks a declaration from this Court finding the actions of Defendant TSA violate the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act ("APA"), *id.* §§ 551-559. Plaintiff Soliman asks this Court to enjoin Defendant TSA from continuing to withhold responsive records in violation of FOIA and the APA. In the alternative, Plaintiff Soliman seeks a Writ of Mandamus from this Court, ordering Defendant TSA to comply with all applicable FOIA and APA requirements.

## II.  PARTIES

1. Plaintiff Soliman is an asylee of Egyptian national origin, living in Cleveland, Ohio. Through counsel, Plaintiff Soliman submitted FOIA requests to Defendant TSA.

2. Defendant TSA is a federal agency subject to FOIA and has custody and control of the records that are the subject of this action. 5 U.S.C. § 552(f)(1).

## III.  JURISDICTION AND VENUE

3. FOIA grants this Court both subject matter jurisdiction over this action and personal jurisdiction over the parties. 5 U.S.C. § 552(a)(4)(B).

4. This Court possesses federal question jurisdiction under 28 U.S.C. § 1331, mandamus jurisdiction under 28 U.S.C. § 1361, jurisdiction under the APA, 5 U.S.C. §§ 555(b) and 706(b), and the Declaratory Judgment Act, 28 U.S.C. § 2201.

5. Venue is appropriate in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which states in relevant part that "the district court of the United States … in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records[.]"

## IV.  STATEMENT OF FACTS

6. Plaintiff Soliman alleges and incorporates all numbered paragraphs above.

7. FOIA requires federal agencies to respond to statutorily adequate requests for agency records.

8. Defendant TSA promulgates rules and regulations for individuals to request agency records.[1]

9. Plaintiff Soliman submitted his request to Defendant TSA on October 22, 2021, through the Department of Homeland Security ("DHS") Public Access Portal ("PAL").[2]

10. Plaintiff Soliman's FOIA request seeks records about himself held by Defendant TSA in its databases, and records of communications between Defendant TSA and other federal agencies about Plaintiff Soliman.[3]

11. On October 25, 2021, Defendant TSA responded to Plaintiff Soliman's request through a letter to the undersigned counsel, informing him that while it would begin processing the rest of his request, portions of the request required additional information.[4]

12. Specifically, Defendant TSA requested additional information about the specific airports and dates for which Plaintiff Soliman sought records.

13. The October 25, 2021 letter assigned the request the tracking number 2022-TSFO-00044.

14. Undersigned counsel submitted additional information describing the dates and airports about which Plaintiff Soliman's request seeks information, via DHS PAL, on November 4, 2021.

15. Undersigned counsel sent two additional messages through DHS PAL on January 10, 2022 and March 23, 2022, seeking an update on the status of the request.

---

[1] TRANSPORTATION SEC. ADMIN., *Freedom of Information Act*, https://www.tsa.gov/foia (last visited September 13, 2023).

[2] Subsequent to Plaintiff Soliman's request, DHS components, including Defendant TSA, switched their FOIA request system to SecureRelease. *See* Home, *Department of Homeland Security Freedom of Information Act Public Access Portal*, DEP'T OF HOMELAND SEC. https://foiarequest.dhs.gov/app/Home.aspx (directing TSA requesters to create a Secure Release Account). Plaintiff Soliman's request remains pending on DHS PAL.

[3] *See* Exhibit A.

[4] *See* Exhibit B.

16. On February 4, 2022, undersigned counsel received an email from Francis Minor in the TSA FOIA Branch, responding that the request remains in the processing queue and will take another estimated 15 business days for processing.

17. Since that date, Plaintiff Soliman has received no additional information about the status of his FOIA request.

18. FOIA mandates that an agency must respond to a request for records within twenty working days. 5 U.S.C. § 552(a)(6)(A)(i).

19. The statute further allows for an additional ten working days to respond to a request where there are unusual circumstances. 5 U.S.C. § 552(a)(6)(B)(i).

20. As of the date of the filing of this Complaint, Plaintiff Soliman's FOIA request to Defendant TSA has been pending for 478 working days.

21. Plaintiff Soliman has exhausted all available administrative remedies because Defendant TSA has not responded to Plaintiff Soliman's request within the time allotted by the statute. 5 U.S.C. § 552(a)(6)(C)(i).

V.   CAUSES OF ACTION

**Count I: Violation of FOIA – Unreasonable Agency Delay**

22. Plaintiff Soliman alleges and incorporates by reference all numbered paragraphs above.

23. Defendant TSA is an agency subject to FOIA and its requirements, as described above. 5 U.S.C. § 552(f)(1).

24. An agency subject to FOIA and its requirements must determine within twenty working days whether it will comply with a request and inform the requester of its decision. 5 U.S.C. § 552(a)(6)(A)(i).

25. If the requested records exist, an agency must make them promptly available, subject to enumerated exemptions and exclusions. 5 U.S.C. § 552(a)(3)(A).

26. If no responsive records exist, an agency must so state. 5 U.S.C. § 552(a)(6)(A)(i).

27. Defendant TSA has not substantively responded to Plaintiff Soliman's request for records, nor provided him with an estimated date of completion.

28. Defendant TSA's actions violate the requirements of FOIA because it failed to respond timely to Plaintiff Soliman's FOIA request. 5 U.S.C. §§ 552(a)(6)(A)(i), 552(a)(6)(B)(i).

29. Plaintiff Soliman has constructively exhausted all applicable administrative remedies available to requesters under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

30. FOIA deems requesters to have exhausted their administrative remedies when the agency does not "comply with the applicable time limit provisions" of the statute. 5 U.S.C. § 552(a)(6)(C)(i).

31. Plaintiff Soliman is entitled to declaratory and injunctive relief, and an order instructing Defendant TSA to process and respond to Plaintiff Soliman's FOIA request and enjoining Defendant TSA from withholding responsive non-exempt records.

**Count II: Violation of FOIA – Wrongful Withholding of Non-Exempt Records**

32. Plaintiff Soliman alleges and incorporates by reference all numbered paragraphs above.

33. Upon information and belief, Defendant TSA possesses and controls records responsive to Plaintiff Soliman's request.

34. Defendant TSA must release all responsive, non-exempt records to Plaintiff Soliman.

35. Agencies subject to FOIA and its requirements bear the burden to provide sufficient justification for all withholdings with specific references to FOIA's applicable exemptions.

36. Agencies subject to FOIA and its requirements must provide all reasonably segregable portions of otherwise exempt records.

37. By failing to respond to Plaintiff Soliman's request, Defendant TSA unlawfully withheld responsive records.

38. By failing to respond to Plaintiff Soliman's request, Defendant TSA fails to justify its withholding of nonexempt records.

39. Plaintiff Soliman exhausted all applicable administrative remedies available under FOIA.

40. Plaintiff Soliman is entitled to declaratory and injunctive relief and an order instructing Defendant TSA to respond to Plaintiff Soliman's request for records, justify its withholding of any responsive records under applicable FOIA exemptions, and enjoining Defendant TSA from withholding responsive records.

**Count III: Violation of the APA – Agency Action Unlawfully Withheld**

41. Plaintiff Soliman alleges and incorporates by reference all numbered paragraphs above.

42. Defendant TSA is a federal agency subject to the requirements of FOIA, including its provision requiring Defendant TSA to respond fully to a request for records and to produce all non-exempt, responsive records.

43. Defendant TSA failed to respond to Plaintiff Soliman's request for records within the statutorily allotted time.

44. Defendant TSA failed to make the requested records available to Plaintiff Soliman, constituting agency action wrongfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

45. Defendant TSA's failure to produce all non-exempt, responsive records adversely affects, aggrieves, and injures Plaintiff Soliman.

46. By failing to fulfill its obligations under FOIA, Defendant TSA frustrates Plaintiff Soliman's ability to obtain these records about himself.

47. Plaintiff Soliman is entitled to declaratory and injunctive relief compelling Defendant TSA to respond fully to Plaintiff Soliman's request for records, and enjoining Defendant TSA from improperly withholding records.

**Count IV: Petition for Writ of Mandamus**

48. Plaintiff Soliman alleges and incorporates all numbered paragraphs above.

49. A petition for writ of mandamus is appropriate where a plaintiff demonstrates: (1) "a clear and indisputable right to relief," (2) the government defendant has "a clear duty to act," and (3) there is "no adequate alternative remedy" available to the plaintiff.[5]

50. Plaintiff Soliman has a clear right under FOIA to request agency records.

51. Defendant TSA has a clear duty to make records promptly available. 5 U.S.C. § 552 (a)(3)(A).

52. Defendant TSA must make reasonable efforts to search for records. 5 U.S.C. § 552 (a)(3)(B).

53. Plaintiff Soliman has no adequate alternative remedy remaining, as Defendant TSA fails to meet the statutory time limits.

54. Therefore, Plaintiff Soliman respectfully requests this Court grant his Petition for Writ of Mandamus and order Defendant TSA to comply with its obligations under FOIA.

**Count V: Declaratory Judgment Act**

55. Plaintiff Soliman alleges and incorporates all numbered paragraphs above.

56. Plaintiff Soliman respectfully requests this Court declare Defendant TSA's actions violate the above-listed statutes, pursuant to 28 U.S.C. §§ 2201-2202.[6]

---

[5] *Citizens for Responsibility & Ethics in Wash. v. Trump*, 924 F.3d 602, 606 (D.C. Cir. 2019).
[6] Plaintiff Soliman recognizes that declaratory relief is not a freestanding cause of action and instead is a remedy available; for clarity of the relief sought, Plaintiff Soliman includes this relief as an enumerated cause of action.

**Count VI: Attorneys' Fees under FOIA or the Equal Access to Justice Act**

57. Plaintiff Soliman alleges and incorporates all numbered paragraphs above.

58. FOIA permits courts to award reasonable attorneys' fees and costs if the plaintiff substantially prevails in the action. 5 U.S.C. § 552(a)(4)(E)(i).

59. Plaintiff Soliman respectfully requests this Court him grant fees and costs if Plaintiff Soliman substantially prevails under FOIA.

60. The Equal Access to Justice Act ("EAJA"), as amended 5 U.S.C. § 504 and 28 U.S.C. § 2412, provides for awarding costs and attorneys' fees to a prevailing party in litigation against the United States or one of its agencies.

61. To the extent this Court does not award fees under FOIA, Plaintiff Soliman respectfully requests this Court grant him costs and fees as provided by the EAJA.[7]

## VI.   PRAYER FOR RELIEF

Plaintiff Soliman prays for judgment in his favor and against Defendant TSA, and respectfully requests this Court grant the following relief:

1. Declare that Defendant TSA's failure to respond to Plaintiff Soliman's request violates FOIA;

2. Enjoin Defendant TSA from withholding non-exempt records responsive to Plaintiff Soliman's FOIA request;

3. Enjoin Defendant TSA to conduct a statutorily adequate search for responsive records;

4. Issue a written finding that the circumstances surrounding the withholdings raise questions about whether agency personnel acted arbitrarily or capriciously concerning the withholding;

5. Declare that Defendant TSA's actions violate the APA;

---

[7] Plaintiff Soliman recognizes that a request for attorneys' fees is not a freestanding cause of action, nor can this Court determine the award before the conclusion of litigation. Plaintiff Soliman includes this enumerated cause of action for purposes of clarity and to preserve the request.

6. In the alternative, grant Plaintiff Soliman's Petition for Writ of Mandamus and compel Defendant TSA to fully and timely respond to Plaintiff Soliman's request for records;

7. Retain jurisdiction during the processing of Plaintiff Soliman's request to ensure compliance with this Court's orders;

8. Award Plaintiff Soliman his costs and reasonable fees incurred in this action under FOIA or, in the alternative, the EAJA; and

9. Grant such other relief as the Court may deem just and proper.

Respectfully submitted this 22nd day of September, 2023.

*/s/ Christina A. Jump*
Christina A. Jump
(D.C. ID No. TX151)
Chelsea G. Glover
(D.C. ID No. TX0065)
Samira S. Elhosary
(D.C. Bar No. 90013901)
Constitutional Law Center for Muslims in America
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507; Fax: (972) 692-7454
cjump@clcma.org
cglover@clcma.org
selhosary@clcma.org
