UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AYMAN FAREH SOLIMAN, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 23-2788 (CRC) <br> ) |
| TRANSPORTATION SECURITY ADMINISTRATION, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## **ANSWER**

The Transportation Security Administration ("“TSA"), by and through counsel, hereby responds to the separately numbered paragraphs and prayer for relief, using Plaintiff's headings, contained in the Complaint filed by Ayman Fareh Soliman ("Plaintiff") as follows below.

### I.   INTRODUCTION

The first unnumbered paragraph consists of Plaintiff's characterization of the case and relief he is seeking in this action, to which no response is required.  To the extent a response is required, Defendant denies the allegations in the first unnumbered paragraph.

### II.   PARTIES

1. Defendant lacks sufficient information or knowledge to admit or deny the allegations in the first sentence of paragraph 1 related to Plaintiff's asylee status, national origin, or place of residence.  Defendant admits the second sentence of paragraph 1.

2. Defendant admits paragraph 2, except that Defendant may neither confirm nor deny the existence of records wherein the existence or non-existence of such records is itself exempt from disclosure.

### III.     JURISDICTION AND VENUE

3. Paragraph 3 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction under the Freedom of Information Act, as limited by the relief available under the Act.

4. Paragraph 4 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 4.

5. Paragraph 5 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant avers that it is not challenging venue in this case.

### IV.     STATEMENT OF FACTS

6. Defendant incorporates its responses to all numbered paragraphs above as if fully alleged herein.

7. Paragraph 7 consists of a statement of law, to which no response is required. To the extent a response is required, Defendant respectfully refers to the Court to the governing statute for a proper directive on the law.

8. Defendant denies paragraph 8.

9. Defendant admits paragraph 9.

10. Paragraph 10 consists of Plaintiff's characterization of his FOIA request, to which no response is required. To the extent a response is required, Defendant refers the Court to the contents of Plaintiff's FOIA request, which is attached to Plaintiff's complaint as Exhibit A.

11. Defendant admits paragraph 11.

12. Defendant admits paragraph 12.

13. Defendant admits paragraph 13.

14. Defendant admits that Plaintiff Soliman's counsel submitted additional information describing the dates and airports about which Plaintiff Soliman sought records, but lacks sufficient information or knowledge to admit or deny whether such information was submitted on November 4, 2021.

15. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 15 and on that basis denies the allegations of paragraph 15.

16. Defendant admits paragraph 16.

17. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 17 and on that basis denies the allegations of paragraph 17.

18. Paragraph 18 consists of a statement of law, to which no response is required. To the extent a response is required, Defendant refers the Court to 5 U.S.C. § 552.

19. Paragraph 19 consists of a statement of law, to which no response is required. To the extent a response is required, Defendant refers the Court to 5 U.S.C. § 552(a)(6)(B)(i).

20. Defendant admits paragraph 20.

21. Paragraph 21 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant admits paragraph 21.

## V. CAUSES OF ACTION

### Count I: Violation of FOIA - Unreasonable Agency Delay

22. Defendant incorporates its responses to all numbered paragraphs above as if fully alleged herein.

23. Paragraph 23 consists of a statement of law, to which no response is required. To the extent a response is required, Defendant refers the Court to 5 U.S.C. § 552(f)(1).

24. Paragraph 24 consists of a statement of law, to which no response is required. To the extent a response is required, Defendant refers the Court to 5 U.S.C. § 552(a)(6)(A)(i).

25. Paragraph 25 consists of a statement of law, to which no response is required. To the extent a response is required, Defendant refers the Court to 5 U.S.C. § 552(a)(3)(A).

26. Paragraph 26 consists of a statement of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 26.

27. Defendant denies that TSA has not substantively responded to Plaintiff Soliman's request for records and admits the remaining allegation of paragraph 27.

28. Paragraph 28 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 28.

29. Paragraph 29 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 29.

30. Paragraph 30 consists of a statement of law, to which no response is required. To the extent a response is required, Defendant refers the Court to 5 U.S.C. § 552(a)(6)(A)(i).

31. Paragraph 31 consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

**Count II: Violation of FOIA - Wrongful Withholding of on-Exempt Records**

32. Defendant incorporates its responses to all numbered paragraphs above as if fully alleged herein.

33. Defendant admits paragraph 33, except that Defendant may neither confirm nor deny the existence of records wherein the existence or non-existence of such records is itself exempt from disclosure.

34. Paragraph 34 consists of a statement of law, to which no response is required. To the extent a response is required, Defendant refers the Court to 5 U.S.C. §§ 552(a)(6)(A), (B), (8), and (b), and denies the allegations of paragraph 34.

35. Paragraph 35 consists of a statement of law, to which no response is required. To the extent a response is required, Defendant refers the Court to 5 U.S.C. § 552(a)(6)(A), (B).

36. Paragraph 36 consists of a statement of law, to which no response is required. To the extent a response is required, Defendant refers the Court to 5 U.S.C. §§ 552(a)(6)(A), (B), (8), and (b).

37. Paragraph 37 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 37.

38. Paragraph 38 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 38.

39. Paragraph 39 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 39.

40. Paragraph 40 consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

**Count III: Violation of the APA- Agency Action Unlawfully Withheld**

41. Defendant incorporates its responses to all numbered paragraphs above as if fully alleged herein.

42. Paragraph 42 consists of a statement of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 42.

43. Paragraph 43 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 43.

44. Paragraph 44 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 44.

45. Paragraph 45 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 45.

46. Paragraph 46 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 46.

47. Paragraph 47 consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## Count IV: Petition for Writ of Mandamus

48. Defendant incorporates its responses to all numbered paragraphs above as if fully alleged herein.

49. Paragraph 49 consists of a statement of law, to which no response is required. To the extent a response is required, Defendant refers the Court to 28 U.S.C. § 1361.

50. Paragraph 50 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant refers the Court to 5 U.S.C. §§ 552(a)(6)(A).

51. Paragraph 51 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant refers the Court to 5 U.S.C. §§ 552(a)(3)(A).

52. Paragraph 52 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant refers the Court to 5 U.S.C. §§ 552(a)(3)(B).

53. Paragraph 53 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 53.

54. Paragraph 54 consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

### Count V: Declaratory Judgment Act

55. Defendant incorporates its responses to all numbered paragraphs above as if fully alleged herein.

56. Paragraph 56 consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

### Count VI: Attorneys' Fees under FOIA or the Equal Access to Justice Act

57. Defendant incorporates its responses to all numbered paragraphs above as if fully alleged herein.

58. Paragraph 58 consists of a statement of law, to which no response is required. To the extent a response is required, Defendant refers the Court to 5 U.S.C. § 552(a)(4)(E)(i).

59. Paragraph 59 consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

60. Paragraph 60 consists of a statement of law, to which no response is required. To the extent a response is required, Defendant refers the Court 28 U.S.C. § 2412.

61. Paragraph 61 consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## VI.   PRAYER FOR RELIEF

These unnumbered paragraphs consist of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

Any and all allegations not expressly admitted above are hereby denied.

\*   \*   \*

## AFFIRMATIVE AND OTHER DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the Complaint, Defendant raises the following affirmative defenses:

1. The Court lacks subject matter jurisdiction over Plaintiff's Administrative Procedure Act, Mandamus Act, and Declaratory Judgment Act claims. *See* Fed. R. Civ. P. 12(h)(3).

2. Plaintiff seeks to impose obligations or requests relief that exceed what is authorized under the Freedom of Information Act. *See* 5 U.S.C. § 552.

3. Plaintiff is not entitled to compel the production of records protected from disclosure by any applicable Freedom of Information Act or Privacy Act exemptions or exclusions. 5 U.S.C. §§ 552(a), 552a(b).

4. Defendant may neither confirm nor deny the existence of records to the extent the existence or non-existence of such records is itself exempt from disclosure. 5 U.S.C. § 552(b).

5.       Defendant reserves the right to assert additional defenses in the event any additional defenses would be appropriate because Defendant has insufficient knowledge or information on which to form a belief as to whether it has any additional, as yet unstated, defenses available.

6.       Plaintiff fails to state a claim upon which relief could be granted.

Dated:  January 9, 2024
         Washington, DC

                                          Respectfully submitted,

                                          MATTHEW M. GRAVES, D.C. Bar #481052
                                          United States Attorney

                                          BRIAN P. HUDAK
                                          Chief, Civil Division

                                          By:       *Kenneth Adebonojo*
                                          KENNETH ADEBONOJO
                                          Assistant United States Attorney
                                          601 D Street, NW
                                          Washington, DC 20530
                                          Tel: (202)252-2562

                                          *Counsel for Defendant*