UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AYMAN FAREH SOLIMAN,<br><br>   Plaintiff,<br><br> v.<br><br>TRANSPORTATION SECURITY ADMIN,<br><br>   Defendant. | Civil Action No. 23-02788 (AHA) |

## JOINT STATUS REPORT

Ayman Fareh Soliman ("Plaintiff") and the Transportation Security Administration ("Defendant") (collectively "the Parties"), by and through undersigned counsel, submit this Joint Status Report in response the Court's January 29, 2025 Minute Order. The Parties jointly state the follow:

1. Following a hearing on January 29, 2025 at which the Parties discussed with the Court the remaining issues of contention, this Court directed Defendant TSA to "provide Plaintiff with a declaration from the agency giving context" for the remaining Exemptions at issue by February 28, 2025.

2. The Court further directed the Parties to file a joint status report by March 7, 2025 advising the Court whether any issues remained appropriate for summary judgment briefing.

3. Defendant TSA timely provided Plaintiff with a declaration on February 25, 2025.

4. Upon review of this declaration, Plaintiff is satisfied that Defendant TSA met its burden to justify its Exemption 3 redactions and its *Glomar* response pursuant to Exemption 3.

5. Defendant's declaration states, in relevant part, that "[p]ursuant to 49 U.S.C. § 114(r) and implementing regulations found at 49 C.F.R. part 1520, information designated as SSI is

exempt from disclosure under FOIA Exemption 3 if TSA determines that disclosure would '(A) be an unwarranted invasion of personal privacy; (B) reveal a trade secret or privileged or confidential commercial or financial information; or (C) be detrimental to the security of transportation.' 49 U.S.C. § 114(r)(1)."

6. Defendant's declaration further states that "49 C.F.R. § 1520.5(b)(9)(ii), which expressly designates as SSI '[i]nformation and sources of information used by a passenger or property screening program or system, including an automated screening system.'"

7. Finally, Defendant's declaration describes in sufficient detail the redactions made pursuant to Exemption 3 to include "information that may be used to determine Plaintiff's status on a watch list utilized by TSA for passenger pre-board screening (i.e., whether Plaintiff was or was not on such a list), to include information addressing which type of suggested letter should to be issued in response to Plaintiff's redress inquiry, which agencies were consulted in connection with Plaintiff's redress inquiry, the timing of the agencies' consultations, the results of the agencies' analyses, and other information that may be used to determine Plaintiff's status on a watch list utilized by TSA for passenger pre-board screening (i.e., whether Plaintiff was or was not on such a list). This material identifies information and sources of information used by TSA's automated passenger prescreening system, the Secure Flight Program."

8. Plaintiff is therefore satisfied that Defendant met its burden to describe with sufficient detail the material redacted pursuant to Exemption 3 to allow Plaintiff and this Court to identify how the redacted material falls within the statute's coverage. *See Magassa v. Transp. Sec. Admin.*, No. 23-2526, 2025 U.S. Dist. LEXIS 30588, at *8 (D.D.C. Feb. 20, 2025).

9. Defendant TSA justifies its *Glomar* response pursuant to Exemption 3 by explaining that "because of the nature of the information contained in those locations, that acknowledging the existence or nonexistence of records regarding Plaintiff in those places would reveal whether or not he was on a watch list utilized by TSA for passenger pre-board screening" and "the very existence (or absence) of records from such locations would itself be SSI."

10. Therefore, Plaintiff is satisfied that Defendant TSA met its burden to show that "the fact of the existence or nonexistence of agency records falls within a FOIA exemption." *Magassa*, 2025 U.S. Dist. LEXIS 30588, at *6 (cleaned up).

11. Plaintiff disputes the appropriateness of Defendant TSA's wholesale designation of "information and sources of information used by a passenger or property screening program or system, including an automated screening system" as SSI. 49 C.F.R. § 1520.5(b)(9)(ii). However, Plaintiff recognizes that challenges to TSA's determinations of SSI material are properly raised in the U.S. Courts of Appeals. 49 U.S.C. § 46110.

12. Given the above, Plaintiff no longer disputes TSA's redactions to the document production. Plaintiff will shortly file a notice of voluntary dismissal, or take any next step that this Court should prefer to dismiss this matter.

Dated: March 7, 2025  
Washington, DC

Respectfully submitted,

<u>Christina A. Jump</u>
CHRISTINA A. JUMP
(D.C. ID No. TX151)
CHELSEA G. GLOVER
(D.C. ID No. TX0065)
SAMIRA S. ELHOSARY
(D.C. Bar No. 90013901)
Constitutional Law Center for Muslims in America*
100 N. Central Expressway, Suite 1010
Richardson, TX 75080
972-914-2507
cjump@clcma.org
cglover@clmca.org
selhosary@clcma.org

*Counsel for Plaintiff*

*The Constitutional Law Center for Muslims in America is the legal division of the Muslim Legal Fund of America.

\*\*\*

EDWARD R. MARTIN, Jr.,
D.C. Bar No. 481866
United States Attorney

By:     */s/Kenneth Adebonojo*
KENNETH ADEBONOJO
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202)252-2562

*Attorneys for the United States of America*